**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TRICIA MEZZACAPPA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-4943** |
| | : | |
| **DR. DEBRA WILSON,** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                                    **APRIL 19, 2022**

Plaintiff Tricia Mezzacappa, a prisoner currently incarcerated at Lehigh County Jail ("LCJ"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging constitutional violations arising from deliberate indifference to her medical needs.  Currently before the Court are Mezzacappa's Motion to Proceed *In Forma Pauperis* (ECF No. 6), Prisoner Trust Fund Account Statement (ECF No. 7), Complaint (ECF No. 2), and Amended Complaint (ECF No. 4). Because it appears that Mezzacappa is unable to afford to pay the filing fee, the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, Mezzacappa's case is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the following reasons, Mezzacappa will be granted leave to file a second amended complaint within thirty days.

**I.      PROCEDURAL HISTORY**

Mezzacappa commenced this civil action by filing a ten (10) page handwritten Complaint (ECF No. 2) on November 8, 2021. In her Complaint, Mezzacappa primarily challenges the medical care she received while incarcerated at LCJ, as well as the response of prison and medical officials in handling her grievances about her medical issues.  (Compl. at 1-10.)  The specific events that Mezzacappa complains of occurred beginning on or about October 8, 2021,

when she first arrived at LPC, through the end of October.[1]  (*Id.*)  Mezzacappa named the following Defendants in her initial Complaint: (1) Dr. Debra Wilson; (2) Nurse Shurkla Neeru; (3) Corrections Officer Cruz; (4) Corrections Office John Doe; (5) PrimeCare Medical; and (6) Intake Nurse Jane Doe.  (*Id.* at 1.)  After Mezzacappa submitted her initial handwritten Complaint, but before the Court had an opportunity to address her it, Mezzacappa filed an Amended Complaint (ECF No. 4) on November 18, 2021.  Unlike her initial Complaint, Mezzacappa's Amended Complaint was filed on a form § 1983 complaint, and describes a series of events that began on or about November 8, 2021 – after the events alleged in her initial Complaint.[2] (Am. Compl. at 4-7.)  Mezzacappa alleges that after filing her initial Complaint, she was threatened, harassed, and disciplined in retaliation for filing this lawsuit, that her ongoing medical issues were exacerbated while she was in segregation, and that the conditions of her confinement violated her constitutional rights.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants Mezzacappa leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen Mezzacappa's allegations and dismiss her pleading if, among other things, Mezzacappa's allegations fail to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to

---

[1]  Mezzacappa's Complaint is dated October 31, 2021 and bears a November 2, 2021 postmark. (Compl. at 1, 11.)

[2]  Mezzacappa's Amended Complaint is dated November 13, 2021 and bears a November 15, 2021 postmark.

[3] However, as Mezzacappa is a prisoner, she will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

2

dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d
236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains
"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, No.
20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) ("'At this early stage of the litigation,'
'[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable
inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, .
. . contains facts sufficient to state a plausible [] claim.'" (quoting *Perez v. Fenoglio*, 792 F.3d
768, 774, 782 (7th Cir. 2015)).

## III.   DISCUSSION

In both the initial Complaint and the Amended Complaint, Mezzacappa seeks to bring
claims for violations of her civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which
federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a
plaintiff must allege the violation of a right secured by the Constitution and laws of the United
States, and must show that the alleged deprivation was committed by a person acting under color
of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  In order to screen Mezzacappa's
allegations and determine whether she has stated any plausible claims for relief, the Court must
look to the allegations of Mezzacappa's operative pleading.  However, shortly after filing her
initial Complaint, Mezzacappa filed the Amended Complaint that provides supplemental factual
allegations that are not set forth in Mezzacappa's initial Complaint.  (*See* Am. Compl. at 6 ("This
action is a continuation of the action I filed last week and should be consolidated."); *see also id.*
at 1) ("This complaint should be consolidated with the complaint filed on 11/1/21."))  The filing
of the Amended Complaint in this case complicates the Court's ability to screen the

Mezzacappa's allegations because the Amended Complaint contains information solely related to events that occurred since November 8, 2021, but does not include any of the factual allegations from October 8, 2021 through October 31, 2021 that are set forth in detail in the initial Complaint.

It is well settled that "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the Court must liberally construe *pro se* pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, No. 19-1348, 2019 WL 2538020, at *1 n.3 (3d Cir. June 20, 2019). "Therefore, as a practical matter, the filing of amended and supplemental complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012). Mezzacappa is representing herself (proceeding *pro se*) and may not have appreciated that by filing an Amended Complaint (ECF No. 4) she was effectively abandoning the factual allegations and claims raised in her initial Complaint (ECF No. 2).

While it appears that Mezzacappa may seek to add the additional facts and allegations of her Amended Complaint to her initial Complaint, as a general rule, the Court does not authorize piecemeal amendment or gradual supplementation of the operative pleading over time, which is essentially what Mezzacappa' Amended Complaint seeks to do. Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, "presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." *See Uribe v.*

4

*Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011) (denying *pro se* plaintiff's motion seeking to provide the court with updated information, dismissing plaintiff's complaint, and granting leave to file an amended complaint "so that all of his allegations and claims can be presented in a single pleading.").

   In order to conduct a comprehensive screening of Mezzacappa's claims and facilitate the streamlining of this case, Mezzacappa will be granted leave to file a second  amended complaint within thirty days that includes all the allegations and claims she seeks to bring in this action beginning on October 8, 2021 and onward – meaning those allegations and claims asserted in both the initial Complaint (ECF No. 2) and the Amended Complaint (ECF No. 4).  Mezzacappa should understand, however, that at the time the Court screens any second amended complaint in accordance with § 1915, the Court will be limited to the allegations set forth in her second amended complaint in determining whether Mezzacappa has stated a claim for relief.  *See Argentina*, 2019 WL 2538020, at *1 n.3 (recognizing that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings.").

   In drafting her second amended complaint, Mezzacappa should also be aware that her second amended complaint must identify all defendants in the caption in addition to identifying them in the body of the second amended complaint, shall state the basis for Mezzacappa's claims against each defendant, and shall bear the title "Second Amended Complaint" and the case number 21-4943.  When Mezzacappa files her second amended complaint, it must be a complete document that includes all of the bases for Mezzacappa's claims.  Claims that are not included in the second amended complaint will not be considered part of this case.  Thus, when drafting her second amended complaint, Mezzacappa should be mindful to include all of her factual

allegations in a ***single, comprehensive document*** that encompasses all the relevant allegations from her initial Complaint and her Amended Complaint.

**IV.      CONCLUSION**

For the foregoing reasons and pursuant to 28 U.S.C. § 1915, the Court will grant Mezzacappa leave to proceed *in forma pauperis*. Mezzacappa will be given leave to file a second amended complaint with thirty (30) days of the date of this Memorandum. If Mezzacappa fails to file a second amended complaint, the Court will conduct the required statutory screening of the claims in her Amended Complaint only. An appropriate Order follows.

**BY THE COURT:**


**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**